IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS E. KING,
    Petitioner,

vs.                                      Case No.:  3:11cv369/LAC/EMT

KENNETH S. TUCKER,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

      This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1).  Respondent filed a motion to dismiss and relevant portions of the state court record (doc. 19).  Petitioner filed a response in opposition to the motion (doc. 24).

      The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.    BACKGROUND AND PROCEDURAL HISTORY

      The relevant aspects of the procedural background of this case are established by the state court record (*see* doc. 19).[1]  Petitioner was charged in the Circuit Court in and for Escambia County, Florida, Case No. 2009-CF-3323, with one count of sale or delivery or possession with intent to sell

---

[1] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's motion to dismiss (doc. 19).  If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

or deliver a controlled substance (crack cocaine) within 1,000 feet of a public housing facility (Count 1), one count of possession of a firearm during the commission of a felony (Count 2), one count of possession of a controlled substance (alprazolam) (Count 3), and one count of resisting an officer without violence (Count 4) (Ex. C at 1). Defense counsel filed a motion to suppress the crack cocaine, alprazolam, and firearm found on Petitioner's person during the stop and search by law enforcement which led to Petitioner's arrest (*id.* at 9–10). Following an evidentiary hearing on the motion, the trial court denied it (*id.* at 35–55). On June 30, 2010, Petitioner entered a written agreement with the State to plead guilty as charged in exchange for a sentence of concurrent terms of five (5) years of imprisonment on Counts 1, 2, and 3, to run concurrently with his sentence in Case No. 2009-CF-3322, and time served on Count 4 (*id.* at 114–17). The trial court accepted the plea, adjudicated him guilty, and sentenced him in accordance with the plea agreement, with pre-sentence jail credit of 350 days (*id.* at 108–13, 122–28). The parties stipulated that the suppression issue was dispositive of the case, and Petitioner reserved his right to appeal the trial court's denial of the motion to suppress (*id.* at 111).

Petitioner, through counsel, appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D10-3866 (Ex. C at 132). Petitioner's counsel filed a brief, pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there were no meritorious arguments to support the contention that reversible error occurred in the trial court (Ex. D). Petitioner filed a pro se initial brief (Ex. E). The First DCA affirmed the judgment per curiam without written opinion on January 27, 2011, with the mandate issuing February 23, 2011 (Exs. F, G). King v. State, 53 So. 3d 1028 (Fla. 1st DCA 2011) (Table). Petitioner did not seek further review.

Petitioner filed the instant federal habeas action on August 3, 2011 (doc. 1). He raises the following claims:

>Ground one: Violation of Petitioner [sic] State and U.S. Constitution [sic] rights and state laws.
>
>Supporting facts: Trial court determination of the issue of reasonable suspicion and probable cause are subject to de novo review.

Ground two: Plain feel doctrine—officers did not have a reason to seize object in Petitioner [sic] back pocket.

Supporting facts: Officer testimony [sic] stated that the Petitioner had on baggy pants so this item was not visible. Only after report came back about the Petitioner that [sic] Officer Baker felt the need to pat Petitioner down.

Ground three: Petitioner stated to the officers as well as family members told officer that Petitioner lives in the complex.

Supporting facts: After knowledge of where the Petitioner lives, officers exceeded their limits of pat-down search as well as continuation of detaining the Petitioner.

Ground four: Violating laws of Florida.

Supporting facts: There is a two step process in determining whether a stop and search is reasonable "Terry Stop"—reasonable and articulable suspicion a crime has or about to commit a crime [sic]. (2) suspicion that a person was armed with a dangerous weapon to justify search. Must view independently.

Ground five: Revocation of Petitioner right [sic] to leave—revoking his priveldge [sic] and or right to leave.

Supporting facts: Once knowledge of Petitioner resident [sic] and the Petitioner attempt [sic] to leave, officers farther [sic] detainment of the Petitioner, whether on a "hunch" or "speculation" violated the Petitioner.

Ground six: Petitioner and who he was with decided to leave that particular area. Petitioner later was seen running.

Supporting facts: Flight alone nor the mere sight of Petitioner seen running does not constitute a stop nor search of Petitioner.

Ground seven: Seizure of Petitioner was done in violation of section 901.151, F.S.

Supporting facts: Instinct, curiosity is not a reasonable fact to seize or continue to detain Petitioner.

Ground eight: Fourth (4th) and Fourteenth (14th) Amendment.

  Supporting facts:  Guarantees Petitioner to be free from unreasonable search and seizure.

(doc. 1 at 4–5, 9).[2]

## II. ANALYSIS

Respondent contends all of Petitioner's claims relate to the suppression issue, and Petitioner had a full and fair opportunity to litigate that issue in the state courts (doc. 19 at 4–6).  Therefore, federal review of all of Petitioner's claims is unavailable pursuant to Stone v. Powell, 428 U.S. 465, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976) (*id.*).

Federal courts are precluded from conducting postconviction review of a petitioner's Fourth Amendment claim of an unconstitutional search or seizure if the state courts provided "an opportunity for full and fair litigation" of that claim.  *See* Powell, 428 U.S. at 494; *see also* Bradley v. Nagle, 212 F.3d 559, 564 (11th Cir. 2000); Huynh v. King, 95 F.3d 1052, 1058 (11th Cir. 1996). This bar applies if the State has provided an opportunity for full and fair litigation of the claim "whether or not the defendant employs those processes."  Huynh, 95 F.3d at 1058 (citing Caver v. Alabama, 577 F.2d 1188, 1192 (5th Cir. 1978)).[3]  "In [Powell], the Court reasoned that, so long as a defendant had the opportunity to present his Fourth Amendment claims to the state trial and appellate courts, the objectives of the exclusionary rule have been satisfied."  Bradley, 212 F.3d at 564–65.  For a claim to be fully and fairly considered by the state courts, where there are facts in dispute, full and fair consideration requires "consideration by the fact-finding court, and at least the availability of meaningful appellate review by a higher state court."  Mincey v. Head, 206 F.3d 1106, 1126 (11th Cir. 2000) (quoting Tukes v. Dugger, 911 F.2d 508, 513–14 (11th Cir. 1990)); Caver, 577 F. 2d at 1192 ("'[F]ull and fair consideration' of a fourth amendment claim [includes] at least one evidentiary hearing in a trial court and the availability of meaningful appellate review when there are facts in dispute, and full consideration by an appellate court when the facts are not in dispute.");

---

[2] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

*see also* Powell, 428 U.S. at 494 n.36.[4]  Furthermore, even if a state court erred in its Fourth Amendment analysis, a federal court will not consider the merits of a Fourth Amendment claim. *See* Swicegood v. State of Alabama, 577 F.2d 1322, 1324 (5th Cir. 1978).

Petitioner contends he was not provided "full and fair litigation" of his Fourth Amendment claim, because the trial court failed to make factual findings essential to his claim, or because the trial court's determinations lacked a factual basis in the record (doc. 24 at 5–14).

Initially, Petitioner does not allege he was not provided an opportunity to present facts to the trial court.  In fact, the record demonstrates he was given a full and fair opportunity to do so.  The trial court gave Petitioner an evidentiary hearing on the issues raised in the motion to suppress and the instant federal petition, including: (1) whether the officers' stop and temporary detention of Petitioner was supported by articulable, reasonable suspicion that Petitioner committed a crime, was committing a crime, or was about to commit a crime, and (2) whether the officers had an articulable, reasonable suspicion that Petitioner had a dangerous weapon on his person (*see* Ex. C at 35–54). The factual issues concerning these legal issues were fully developed at the suppression hearing (*id.*). Officer Wayne Baker testified at the hearing, and the defense had an opportunity to present evidence (*id.*).  The trial court heard arguments by counsel and made explicit findings of fact on matters essential to the suppression issue, parsing the evidence and addressing the arguments presented by both parties:

> THE COURT:  All right.  The Court is going to find that the stop and frisk was not in violation of Mr. King's constitutional rights.  The officers [sic] testified that Sanchez Court is a high-crime area, they go there regularly.  I think his testimony was almost every shift they go there, that they're instructed to investigate people who were there to determine whether or not they live there.  If not, they're trespassed [sic] warned.  So I think the stop dealing with Mr. King is certainly reasonable under the circumstances.

---

[4] The Supreme Court, in a footnote in its Powell decision, cited its earlier decision in Townsend v. Sain to elaborate on the meaning of the phrase "full and fair litigation."  *See* Townsend v. Sain, 372 U.S. 293, 83 S. Ct. 745, 9 L. Ed. 2d 770 (1963), *overruled in part*, Keeney v. Tamayo-Reyes, 504 U.S. 1, 5, 112 S. Ct. 1715, 1717, 118 L. Ed. 2d 318 (1992).  Townsend lays out certain factors for a court to consider in resolving whether an issue has been fully and fairly litigated.  Among these factors are whether there was a hearing procedure available, how well the factual issues were developed, and whether the trial court's findings of fact are adequately supported by the record.  *See* Townsend, 372 U.S. at 312–13.

>Then, you get to the facts of what the officer knew. And, right or wrong, I disagree with the Defense argument about the intelligence report.
>
>The issue is what information did the officer have at the time the stop was made to lead him to believe that he had cause to conduct a pat down. And I think the intelligence report is significant for officer safety. All he did was pat the defendant down. He said he immediately knew that when he patted him down there was a firearm there.
>
>The intelligence report that he had was that the defendant was a suspect in a robbery where a firearm was used, and I think it's reasonable for officer safety, the purposes to conduct a pat-down search with that information given to the officer [sic]. Even if the information was not correct, it's what the information the officer [sic] had at the time. So the motion to suppress is going to be denied for those reasons.

(Ex. C at 48–49).

The trial court's factual findings are adequately supported by Officer Baker's testimony at the suppression hearing. Petitioner fully briefed the Fourth Amendment "stop and search" issue on appeal to the First DCA, and the appellate court affirmed (Ex. E). In light of the trial court's careful consideration and explicit findings on the Fourth Amendment issue, and the appellate court's review of the Fourth Amendment issue, the undersigned concludes Petitioner was afforded a full and fair opportunity to litigate the Fourth Amendment issue, in satisfaction of <u>Powell</u>. Therefore, federal review of his claims pertaining to the Fourth Amendment issue is unavailable.

Moreover, to the extent Petitioner presents claims based purely upon state law, he is not entitled to federal habeas relief. Section 2254(a) of Title 28 provides that a district court shall entertain a petition for writ of habeas corpus in behalf of a person in State custody "only on the ground that he is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Claims which are not based upon a violation of the United States Constitution are not cognizable in a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254(a). *See* <u>Barclay v. Florida</u>, 463 U.S. 939, 103 S. Ct. 3418, 77 L. Ed. 2d 1134 (1983); *see also* <u>Wainwright v. Goode</u>, 464 U.S. 78, 104 S. Ct. 378, 78 L. Ed. 2d 187 (1983); <u>Engle v. Isaac</u>, 456 U.S. 107, 119, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982). Errors which do not infringe upon federally protected rights provide no basis for federal habeas corpus relief. *See* <u>Pulley v. Harris</u>, 465 U.S. 37, 41, 104

S. Ct. 871, 79 L. Ed. 2d (1984) (habeas relief denied to petitioner asserting that state's refusal to conduct proportionality review of death sentence amounted to constitutional violation because perceived merely as error of state law).  Therefore, to the extent Petitioner's claims are based upon violation of Florida law, he is not entitled to federal habeas relief.

III. CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (doc. 19) be **GRANTED**.
2. That the petition for writ of habeas corpus (doc. 1) be **DISMISSED with prejudice**.
3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 13th day of August 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).